*E-Filed: December 10, 2014*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| THE BANK OF NEW YORK MELLON; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ANGELO INANORIA; et al.,<br><br>Defendants. | Case No.  C14-05393 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE REMAND TO STATE COURT** |

Defendant Isabel Griffith removed this unlawful detainer action from the Santa Clara County Superior Court. For the reasons stated below, the undersigned recommends that this matter be remanded to state court because subject matter jurisdiction is lacking.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). A case must be

1  remanded to the state court if it appears at any time before final judgment that the court lacks
2  subject matter jurisdiction. 28 U.S.C. § 1447(c).

3  Defendant fails to show that removal is proper based on any federal law. Federal courts
4  have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the
5  United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-
6  pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank,
7  556 U.S. 49, 60 (2009). Defenses and counterclaims asserting a federal question do not satisfy
8  this requirement. Id. Here, the complaint presents a claim arising only under state law. It does
9  not allege any federal claims whatsoever. Allegations in a removal notice or in a response to the
10 complaint cannot provide this court with federal question jurisdiction.

11 Nor does this court find any basis for diversity jurisdiction. Federal district courts have
12 jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of
13 $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C.
14 §1332. The complaint indicates that the amount demanded does not exceed $10,000. Moreover,
15 unlawful detainer actions involve the right to possession alone, not title to the property. So, the
16 fact that the subject property may be worth more than $75,000 is irrelevant. MOAB Inv. Grp.,
17 LLC v. Moreno, No. C14-0092EMC, 2014 WL 523092, at *1 (N.D. Cal., Feb. 6, 2014); Maxwell
18 Real Estate Inv. LLC v. Bracho, No. C12-02774RMW, 2012 WL 2906762, at *1 (N.D. Cal., July
19 13, 2012).

20 There being no basis for federal jurisdiction over the unlawful detainer action, the removal
21 of this case was improper. Defendant is advised that future attempts to remove this matter may
22 result in sanctions.

23 Because the parties have yet to consent to the undersigned's jurisdiction, this court
24 ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further
25 RECOMMENDS that the newly assigned judge remand the case to the Santa Clara County
26 ///
27 ///
28

United States District Court
Northern District of California

Superior Court.  Any party may serve and file objections to this Report and Recommendation within fourteen days after being served.  Fed. R. Civ. P. 72.

Dated:   December 10, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C14-05393 HRL Notice will be electronically mailed to:**

Earl Robert Wallace     earl@rswlaw.net

Richard Scott Sontag     richard@rswlaw.net

**C14-05393 HRL Notice will be mailed to:**

Isabel Griffith
370 Altair Way, #252
Sunnyvale, CA 94086

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**